**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1617
_____

UNITED STATES OF AMERICA,


v.

IAN EARLANDO DIXON, a/k/a Daniel Tibor,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 09-691)
District Judge: Honorable Freda L. Wolfson
_____

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2010

Before:   BARRY, CHAGARES, and VANASKIE, Circuit Judges.

(Filed: November 24, 2010)
_____

OPINION OF THE COURT
_____

VANASKIE, <u>Circuit</u> <u>Judge</u>.

Appellant Ian Dixon ("Dixon") appeals a sentence imposed on him following his guilty plea to illegal re-entry into the United States without authorization after having been deported subsequent to a conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). Dixon claims that the District Court erred in rejecting his argument that several factors listed in 18 U.S.C. § 3553(a) compelled a reduction in his sentence below the advisory guidelines range, and erred when it placed excessive weight on his criminal history in deciding to impose a within-guidelines range prison term. Because we find that the District Court did not err, we will affirm.

I.

Ian Dixon, a native of Jamaica, moved to Orange, New Jersey, with his mother and siblings in the mid-1980s. He remains a citizen of Jamaica.

On September 3, 1989, at the age of 17, Dixon pleaded guilty to criminal possession of stolen property (a stolen vehicle). On July 15, 1990, he was charged with aggravated assault on a police officer, damage to property, and possession of a weapon. Following conviction for these charges, he served 180 days in county jail. He was next arrested for three drug distribution offenses in Essex County, New Jersey. A few months later, he was arrested for a drug offense in Maryland. On February 15, 1992, he was arrested and charged with second degree murder, unlawful possession of a handgun, and possession of a firearm for an unlawful purpose. He was ultimately convicted in New Jersey, on September 2, 1992, of aggravated assault, unlawful possession of a weapon, possession of a weapon for an unlawful purpose, and distribution of cocaine within 1,000

2

feet of a school zone. He was sentenced on December 22, 1992, to five years for the drug offense and ten years for assault. Dixon was paroled by New Jersey on May 17, 1996.

Dixon was next arrested on March 22, 1997, and pleaded guilty to refusing to obey an official request. He was again arrested on June 25, 1997, for drug distribution offenses, and pleaded guilty to reduced charges, receiving a 180-day suspended sentence and a fine. His parole was revoked on February 6, 1998, and he was recommitted to state custody. Dixon was deported from the United States on or about December 7, 1998.

Dixon re-entered the United States illegally, and on September 4, 2004, was arrested in Maryland and charged with a drug offense, possession of fraudulent personal identification to avoid prosecution, and making false statements to a police officer. He was convicted of possession of marijuana, and, after an appeal which reduced his original sentence, was resentenced to a 60-day term of imprisonment.

On August 20, 2005, Dixon was again found in possession of marijuana, a throwing knife, and a false driver's license. He pleaded guilty to possession of marijuana and was sentenced to one year of probation.

On October 28, 2008, an automobile driven by one Duwan Elliott was stopped by police. Elliott fled from the car and ran into a house occupied by Dixon. When apprehended, Elliott and Dixon were found to be in possession of a .357 magnum revolver and a bulletproof vest. Dixon was charged with unlawful possession of a handgun and served 86 days in Essex County Jail. At the time of his arrest, Dixon gave his name as Daniel Tibor, and stated that he was from Haiti. A fingerprint analysis,

3

however, confirmed his identity as Ian Dixon and his prior deportation. On January 22, 2009, Dixon pleaded guilty to state charges of unlawful possession of a handgun.

On March 20, 2009, Dixon was charged by complaint in the District of New Jersey with illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). Pursuant to a plea agreement, he pleaded guilty on September 17, 2009, to a one-count information containing the same charges.

The District Court held a sentencing hearing on February 18, 2010. After finding a total offense level of 21 and a criminal history category of V, the Court determined that Dixon faced an advisory guidelines range of 70-87 months of imprisonment. Dixon requested a variance from the guidelines range, but the Court sentenced him to a 70-month term of imprisonment.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291, and 18 U.S.C. § 3742.

Following United States v. Booker, 543 U.S. 220 (2005), a sentencing court must pursue a three-step sequential process: first, determine a defendant's advisory sentencing guidelines range; second, formally rule on departure motions from both parties and state on the record whether a departure is being granted and how that affects the advisory guidelines range; and third, exercise discretion by considering the relevant section 3553(a) factors in imposing the sentence. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc); United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006).

4

"Our appellate review proceeds in two stages." Tomko, 562 F.3d at 567. First, we ensure "'that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). If the district court's procedure is satisfactory, we move to stage two, considering the substantive reasonableness of the sentence. Id. (citing United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008)). The substantive review mandates that we consider the totality of the circumstances, rather than one or two factors. Id. "We afford deference to the District Court because it is in the best position to determine the appropriate sentence in light of the particular circumstances of the case." United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quotation and citation omitted).

Dixon's appeal concerns only the third step in the sentencing process. He argues that his sentence was procedurally flawed because the District Court failed to give meaningful consideration to pertinent non-guidelines factors under 18 U.S.C. § 3553(a). Specifically, Dixon contends that the District Court failed to give appropriate consideration to the following factors: (1) his crime was non-violent; (2) he returned illegally to the United States for the sole purpose of supporting and spending time with his family; (3) the majority of his crimes were committed as a young adult and are not reflective of the man he is today; and (4) his sentence would be considerably harsher

than that of other defendants within the same total offense level and criminal history category because of his status as a deportable alien. As to this last contention, Dixon argues that he had already been in custody for 16 months at the time of his sentencing, and five of those months would not be counted toward his federal sentence because he was then in state custody. As a deportable alien, he argues that his sentence was already harsher than other offenders of the same total offense level and criminal history category because he is not eligible to be released to a halfway house and he will spend additional time in immigration custody upon release from prison.

Our review of the record reveals no failing on the part of the District Court to accord "meaningful consideration" to the section 3553(a) factors. See United States v. Starnes, 583 F.3d 196, 215 (3d Cir. 2009) (procedurally reasonable sentence "'must reflect a district court's meaningful consideration of the factors set forth at 18 U.S.C. § 3553(a)'") (quoting United States v. Lessner, 498 F.3d 185, 203 (3d Cir. 2007)). With respect to the contention that Dixon was providing support for his children, the District Court noted that there was no verification of Dixon's job history. It stated, "[t]here are lots of things that Mr. Dixon has said he has done that indicated he was productive. None of those records have been produced. There has not been verification of any of those things." (A. 103.) The court considered his youthfulness at the time of some of the crimes, but found that his criminal history went well past his youth. The court, moreover, considered Dixon's offered reason for illegally re-entering the country, dismissing it in part because "in the Presentence report you said you didn't exactly know where [your children] are." (A. 98.) The court also considered similar arguments Dixon made

6

concerning the disparity of his sentence, finding that his "substantial criminal history . . . is of grave concern to the Court. . . . [In another case] the criminal history was overstated because they involved all misdemeanors. That's certainly not the case with Mr. Dixon." (A. 94.) The court, moreover, was statutorily empowered to consider Dixon's criminal history in the context of the § 3553(a) factors, as well as in the sentencing guidelines calculation. See 18 U.S.C. § 3553(a)(1) (requiring the court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant"). That the District Court may have given particular weight to the need to deter criminals does not mean that it failed to give meaningful consideration to all § 3553(a) factors. Thus, Dixon has failed to show procedural error on the part of the District Court.

Because we cannot say that "no reasonable sentencing court would have imposed the same sentence on [Dixon] for the reasons the district court provided[,]" Tomko, 562 F.3d at 568, Dixon also has failed to show that his sentence is substantively unreasonable. The District Court did not solely consider one or two factors, but rather contemplated the totality of section 3553(a).

III.

For the foregoing reasons, we will affirm the District Court's judgment.